# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| EDWARD SCOTT, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) CAUSE NO.: 3:16-CV-639-TLS |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Edward Scott, a pro se prisoner, filed a Petition for Writ of Habeas Corpus [ECF No. 1] challenging the prison disciplinary hearing (ISP 16-04-227) at which the Disciplinary Hearing Officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction (IDOC) policy A-113. As a result, he was sanctioned with the loss of 120 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

On December 8, 2016, Scott filed a Letter [ECF No. 9] with this Court and stated that he had retained private counsel in this case. Scott sought leave to amend his Petition in light of his retention of counsel. However, nearly five months have passed and no attorney has filed an appearance on behalf of Scott and no amended petition has been filed. The Court notes that at the time he requested leave, Scott did not require leave of court to file an amended petition. *See* Fed. R. Civ. P. 15(a). Rule 15(a) permits a party to amend its pleading on one occasion as a matter of course within 21 days after service of the responsive pleading. Respondent filed his Response [ECF No. 5] to the Order to Show Cause on December 5, 2016. Scott's deadline to file an amended petition was December 27, 2016. He did not file an amended petition, and did not seek additional time to do so. Therefore, the Court considers this matter fully briefed.

In his Petition, Scott raises one issue: he argues that he requested "all physical evidence," but that no physical evidence was produced to him at the hearing. (Pet. 2, ECF No. 1.) Respondent contends that there was sufficient evidence on which to find Scott guilty of trafficking, and also argues that Scott did not have a right to personally review all of the evidence. It is unclear whether Scott challenges the sufficiency of the evidence used to find him guilty or whether he challenges the fact that he did not personally review all of the evidence presented to the DHO. The Court will therefore address each of these issues.

The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). The Court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the

evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, the DHO had sufficient evidence to find Scott guilty of violating IDOC A-113. The IDOC defines this offense as "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." Adult Disciplinary Process, Appendix I, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (last visited Apr. 27, 2017). Indiana law defines the offense of trafficking as:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
>
> > (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
> >
> > (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
> >
> > (3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew;

Indiana Code § 35-44.1-3-5. The Conduct Report [ECF No. 1-1] states that

> [o]n 04/28/2016 at approx. 7:50 am Bennie Wolfinger was droped (sic) off by Shauna Whitaker just south of the facility. Correctional Police, Investigators and local law enforcement found an object wrapped in black electrical tape in the possession of Bennie Wolfiner. Bennie Wolfinger was interviewed by Investigators where it was discovered that the package was to be thrown over the IDO recreation fence to be delivered to Offender Seth Barnhart # 996204 and Edward Scott # 996330 when he returned from work later that day. Case report 16-ISP-0067 found substantiated for trafficking. Contents of the package were 7 Suboxone strips still in packaging, 3 Suboxone pills, 2.05 oz of tobacco, 1 lighter, rolling papers and 1 smart phone.

(Conduct Report 1, ECF No. 1-1.) In finding Scott guilty, the DHO relied on that Conduct Report, the confidential internal affairs file, and the internal affairs investigation report. A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188

3

F.3d at 786. Such is the case here. Moreover, the Court has reviewed the evidence filed under seal and is satisfied that there is more than "some evidence" linking Scott to trafficking there, too. In light of the conduct report and evidence contained in the IA file, the DHO's determination was not unreasonable or arbitrary.

To the extent that Scott argues that he had a right to review all of the evidence that the DHO reviewed, he is mistaken. "[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Scott had a right to have the DHO review the evidence he requested, but he did not have the right to personally review all of the evidence himself. *Id.* The IDOC determined that the internal affairs file contains information that, if disclosed, would pose a threat to the safety and security of the institution. The Court has no reason to disagree. Accordingly, there has been no showing of a due process violation, and therefore Scott's Petition is denied.

For these reasons, the Petition for Writ of Habeas Corpus [ECF no. 1] is **DENIED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED on April 28, 2017.

/s Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT